# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI (ST. LOUIS)

| | |
|---|---|
| RADHA GEISMANN, M.D., P.C., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:14-cv-00472-CDP |
| ZOCDOC, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE CLASS ALLEGATIONS

## TABLE OF CONTENTS

**Page**

I. Background ................................................................................................................. 2

II. Legal Standard ............................................................................................................ 3

III. Argument .................................................................................................................... 5

    A. Geismann cannot demonstrate commonality ........................................................ 5

    B. Geismann cannot demonstrate typicality ............................................................. 6

    C. Geismann cannot demonstrate adequacy ............................................................. 7

    D. Geismann cannot demonstrate predominance ..................................................... 9

    E. Geismann cannot demonstrate superiority ......................................................... 11

IV. Conclusion ................................................................................................................ 12

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amchem Prods. Inc. v. Windsor*,
 521 U.S. 591 (1997) ...................................................................................................9

*Blihovde v. St. Croix County, Wis.*,
 219 F.R.D. 607 (W.D. Wis. 2003) ..............................................................................4

*Blitz v. Agean, Inc.*,
 743 S.E.2d 247 (N.C. Ct. App. 2013) .......................................................................10

*Bridging Communities, Inc. v. Top Flite Financial, Inc.*,
 2013 WL 2417939 (E.D. Mich. June 3, 2013).........................................................10

*Campbell v. Purdue Pharma, L.P.*,
 2004 WL 5840206 (E.D. Mo. June 25, 2004) ...........................................................6

*Carnett's, Inc. v. Hammond*,
 610 S.E.2d 529 (Ga. 2005) .......................................................................................10

*CE Design Ltd. v. King Architectural Metals, Inc.*,
 637 F.3d 721 (7th Cir. 2011) .................................................................................7, 8

*Compressor Engineering Corp. v. Mfrs. Financial Corp.*,
 292 F.R.D. 433 (E.D. Mich. April 26, 2013)............................................................10

*Damas v. Ergotron, Inc.*,
 2005 WL 1614485 (Ill. Cir. Ct. July 6, 2005) ..........................................................10

*Forman v. Data Transfer, Inc.*,
 164 F.R.D. 400 (E.D. Pa. 1995)................................................................................10

*G.M. Sign, Inc. v. Brink's Mfg. Co.*,
 2011 WL 248511 (N.D. Ill. Jan. 25, 2011)...............................................................10

*Gene & Gene, LLC v. BioPay, LLC*,
 541 F.3d 318 (5th Cir. 2008) ................................................................................9, 10

*General Telephone Co. of Southwest v. Falcon*,
 457 U.S. 147 (1982) ...................................................................................................3

*Haight v. Bluestem Brands, Inc.*,
 Case No. 13-cv-01400 (M.D. Fla.) ............................................................................8

*Hill v. Wells Fargo Bank, N.A.*,
   946 F. Supp. 2d 817 (N.D. Ill. 2013) ............................................................................... 1, 3

*Hovsepian v. Apple, Inc.*,
   2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ...................................................................... 3

*In re St. Jude Medical, Inc.*,
   425 F.3d 1116 (8th Cir. 2005) ............................................................................................. 4

*Intercontinental Hotels Corp. v. Girards*,
   217 S.W.3d 736 (Tex. App. Dallas March 13, 2007) ........................................................ 10

*John v. National Sec. Fire and Cas. Co.*,
   501 F.3d 443 (5th Cir. 2007) ............................................................................................... 3

*Kenro, Inc. v. Fax Daily, Inc.*,
   962 F. Supp. 1162 (S.D. Ind. 1997) ................................................................................... 10

*Kim v. Sussman*,
   2004 WL 3135348 (Ill. Cir. Ct. 2004) ............................................................................... 12

*Kohen v. Pacific Inv. Management Co. LLC*,
   571 F.3d 672 (7th Cir. 2009) ............................................................................................... 6

*Kondos v. Lincoln Property Co.*,
   110 S.W.3d 716 (Tex. App. Dallas July 22, 2003) ........................................................... 10

*Labou v. Cellco Partnership,*
   2014 WL 824225 (E.D. Cal. March 3, 2014) ..................................................... 1, 3, 10, 11

*Levitt v. Fax.com*,
   2007 WL 3169078 (D. Md. 2007) ..................................................................................... 10

*Livingston v. U.S. Bank, N.A.*,
   58 P.3d 1088 (Colo. Ct. App. 2002) .................................................................................. 10

*McGaughey v. Treistman*,
   2007 WL 24935 (S.D.N.Y. Jan. 4, 2007) .......................................................................... 10

*Pilgrim v. Universal Health Card, LLC*,
   660 F.3d 943 (6th Cir. 2011) ............................................................................................... 3

*Sanders v. Apple Inc.*,
   672 F. Supp. 2d 978 (N.D. Cal. 2009) ................................................................................. 4

*Sosna v. Iowa*,
   419 U.S. 393 (1975) ............................................................................................................. 7

*St. Louis Heart Center, Inc. v. Vein Centers for Excellence, Inc.*,
  2013 WL 6498245 (E.D. Mo. Dec. 11, 2013) .................................................................5, 6

*Stearns v. Select Comfort Retail Corp.*,
  2009 WL 4723366 (N.D. Cal. Dec. 4, 2009)........................................................................3

*Wal-Mart Stores, Inc. v. Dukes*,
  131 S. Ct. 2541 (2011) .....................................................................................................4, 5

*West Concord 5-10-1.00 Store, Inc. v. Interstate Mat Corp.*,
  2013 WL 988621 (Sup. Ct. Mass. March 5, 2013) ..............................................................8

*Wooden v. Board of Regents of University System of Georgia*,
  247 F.3d 1262 (11th Cir. 2001)...........................................................................................6

**Statutes**

Missouri Consumer Fraud and Deceptive Business Practices Act, Mo. Rev. Stat.
  § 407.010, *et seq.*................................................................................................................2

Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").......................................passim

**Other Authorities**

137 Cong. Rec. S16205-06 (Nov. 7, 1991) ..................................................................................12

Federal Rule of Civil Procedure 12(f)............................................................................................3

Federal Rule of Civil Procedure 23......................................................................................passim

Court dockets nationwide are filled with putative class actions under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in which plaintiffs' attorneys are attempting to apply the class action framework of Federal Rule of Civil Procedure 23 to inherently individual claims like those brought by plaintiff Radha Geismann, M.D., P.C. ("Geismann"). Courts often waste significant time and resources before reaching the conclusion that is obvious from the face of the complaints: Such cases are simply not suitable for class certification. This Court should deny class certification and strike the class allegations in Geismann's Class Action Petition (Docket Entry 1, Exh. A, p. 21) ("Complaint") now before further judicial and party resources are wasted in pursuit of what ultimately will be a futile effort to certify a class.

This is, admittedly, a rare circumstance — the weight of authority suggests that courts generally allow some amount of discovery before denying class certification. But federal courts have recognized that they "may decide to reject a plaintiff's attempt to represent a class as soon as it becomes obvious that the plaintiff will be unable to satisfy Rule 23. Most often it will not be 'practicable' for the court to do that at the pleading stage, but sometimes the complaint will make it clear that class certification is inappropriate." *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829 (N.D. Ill. 2013); *see also Labou v. Cellco Partnership,* 2014 WL 824225, *6 (E.D. Cal. March 3, 2014) (denying class certification in a TCPA case on defendant's motion at the pleadings stage).

Based on the Complaint and the federal class certification standards, it is clear that regardless of how much discovery it takes, Geismann will not be able to establish commonality, typicality, adequacy, predominance, or superiority. No discovery is needed to see that class certification in this case is inappropriate, and the Court therefore should deny class certification

and strike the class allegations from the Complaint now before more time and resources are wasted.[1]

**I.        Background**

Geismann alleges that ZocDoc sent it two single-page, unsolicited faxes in 2012 that did not contain proper opt-out notifications under the TCPA.  (Compl. ¶¶ 9-10).  Based on these two faxes, Geismann asks the Court to certify three classes, one for each of the three counts asserted in the Complaint.  In the claim for violation of the TCPA in Count I, Geismann identifies a class of:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent by or on behalf of Defendant any telephone facsimile transmissions of material making known the commercial existence of, or making qualitative statements regarding any property, goods, or services, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendant does not have an established business relationship, and (5) which did not display a proper opt out notice.

(Compl. ¶ 30).  In the claim for conversion in Count II, Geismann identifies a class of:

> All persons who on or after five years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendant with respect to whom Defendant cannot provide evidence of prior express permission or invitation.

(Compl. ¶ 50).  In the claim for violation of the Missouri Consumer Fraud and Deceptive Business Practices Act, Mo. Rev. Stat. § 407.010, *et seq.*, in Count III, Geismann identifies a class of:

> All persons who on or after four years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendant with respect to whom Defendant cannot provide evidence of prior express permission or invitation.

(Compl. ¶ 62).

---

[1] Contemporaneously with this motion, ZocDoc has filed a combined motion to transfer, dismiss, or stay.  The Court should address that motion first because a ruling by the Court in favor of ZocDoc on that motion could render a ruling on this motion unnecessary.

**II.     Legal Standard**

The Supreme Court has reasoned that class certification issues are sometimes "plain enough from the pleadings" that discovery is not necessary to determine the merits of class certification. *See General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982). Although pre-discovery denial of class certification is unusual, opinions by federal courts nationwide demonstrate that class certification can be denied (either through an outright denial or through an order striking class allegations) when the core issues can be determined without reference to discovery. *See, e.g., Hill*, 946 F. Supp. 2d at 830; *Labou*, 2014 WL 824225 at *3 ("Although discovery may be allowed in some cases, it is the plaintiff's 'burden of advancing a prima facie showing that the class action requirements of [Rule 23] are satisfied or that discovery is likely to produce substantiation of the class allegations.'"); *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) ("The problem for the plaintiffs is that we cannot see how discovery or for that matter more time would have helped them.  To this day, they do not explain what type of discovery or what type of factual development would alter the central defect in this class claim."); *John v. National Sec. Fire and Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) (rejecting argument that dismissal of a class allegation on the pleadings is never proper and affirming order dismissing class allegations); *Hovsepian v. Apple, Inc.*, 2009 WL 5069144, at *2 (N.D. Cal. Dec. 17, 2009) ("Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained.").  When, as here, the conclusion that the class cannot be certified can be drawn from the allegations in the Complaint, the Court should not force ZocDoc to engage in costly discovery, only to reiterate these same arguments months from now. *See Stearns v. Select Comfort Retail Corp.*, 2009 WL 4723366, at *14 (N.D. Cal.

Dec. 4, 2009) ("[I]t is procedurally proper to strike futile class claims at the outset of litigation to preserve time and resources.").

When the defendant challenges the class allegations, it remains the plaintiff's burden to show that it has alleged facts sufficient to make out a certifiable class. *See Blihovde v. St. Croix County, Wis.*, 219 F.R.D. 607, 614 (W.D. Wis. 2003) (holding that a class certification determination can be made prior to the filing of a class certification motion by plaintiffs and that plaintiffs have the ultimate burden to show that class certification is appropriate on such a motion); *see also Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009). Class actions under Federal Rule 23 are "exception[s] to a usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011). Rule 23(a) requires a plaintiff to establish numerosity, commonality, typicality, and adequate representation; these requirements "limit the class claims to those fairly encompassed by the named plaintiffs' claims." *Dukes*, 131 S. Ct. at 2550 (quotations omitted).

One of the requirements of Rule 23(b) must also be met. Certification should be evaluated under Rule 23(b)(3) rather than Rule 23(b)(2) where, as here, plaintiffs seek money damages that are individual rather than group injuries. *See In re St. Jude Medical, Inc.*, 425 F.3d 1116, 1122 (8th Cir. 2005) ("At base, the (b)(2) class is distinguished from the (b)(3) class by class cohesiveness . . . Injuries remedied through (b)(2) actions are really group, as opposed to individual injuries.").

**III. Argument**

    **A. Geismann cannot demonstrate commonality.**[2]

A common question of law "does not mean merely that [the class members] have all suffered a violation of the same provision of law." *Dukes*, 131 S. Ct. at 2551 (2011). Rather, the claim must depend on a "common contention" that is "capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* "What matters to class certification . . . is not the raising of common 'questions' — even in droves — but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (emphasis in original).

The fatal flaw in each of the classes asserted by Geismann is that their membership turns on whether each individual class member consented to the receipt of the faxes at issue. (Compl. ¶¶ 30, 50, 62). This is not a "common question" that can be answered on a classwide basis, but rather is an individual question. The analysis for answering the "common" questions raised by Geismann would involve an individualized inquiry to determine whether each individual consented to receipt of the faxes.

In this important way, this case is distinguishable from *St. Louis Heart Center, Inc. v. Vein Centers for Excellence, Inc.*, a TCPA case currently pending before this Court with the same plaintiffs' counsel. In December 2013, the Court granted class certification in that case. 2013 WL 6498245, *12 (E.D. Mo. Dec. 11, 2013) (Perry, J.). But in that case, the class certified by the Court was defined as:

---

[2] By beginning this analysis with commonality, ZocDoc does not intend to concede that numerosity exists.

5

> All persons or entities who, between January 15, 2008 and September 15, 2009, were sent one or more telephone facsimile messages by Westfax on behalf of Vein Centers for Excellence, Inc. that did not inform the fax recipient both that (1) he or she may make a request to the sender of the advertisement not to send any future facsimile advertisements and that (2) failure to comply with the request, within 30 days, is unlawful.

*Id.* at *8. The three proposed class definitions in this case all turn on whether ZocDoc can "provide evidence of prior express permission or invitation for the sending of such faxes." (Compl. ¶ 30). Although Geismann's opt-out notice claims are similar to the opt-out notice claims in the *St. Louis Heart Center* case, Geismann makes additional claims related to ZocDoc's alleged failure to obtain consent related to the faxes and Geismann frames its TCPA class as including only individuals who received faxes from ZocDoc "with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes . . . *and* (5) which did not display a proper opt out notice." (Compl. ¶ 30) (emphasis added). Thus, even if the opt-out claims could present common questions (which ZocDoc does not concede), the claims related to consent do not present common questions, class certification should be denied, and class allegations should be stricken.

### B.  Geismann cannot demonstrate typicality.

A class representative must also have a claim that is typical of the other class members. "The typicality requirement primarily focuses on whether the named plaintiff's claims have the same essential characteristics as the claims of the class at large and is designed to prevent an instance where the legal theories of the named plaintiff may potentially conflict with those of absent plaintiffs." *Campbell v. Purdue Pharma, L.P.*, 2004 WL 5840206, *8 (E.D. Mo. June 25, 2004). Typicality includes individual standing. *See, e.g., Kohen v. Pacific Inv. Management Co. LLC*, 571 F.3d 672, 676 (7th Cir. 2009) ("Before a class is certified . . . the named plaintiff must have standing."); *Wooden v. Board of Regents of University System of Georgia*, 247 F.3d 1262,

6

1287 (11th Cir. 2001) ("[T]here cannot be adequate typicality between a class and a named representative unless the named representative has individual standing to raise the legal claims of the class.").

As set forth in Section III.B of ZocDoc's dismissal memorandum filed concurrently with this memorandum, Geismann is no longer a "typical" class member because ZocDoc has offered Geismann complete relief. *See CE Design Ltd. v. King Architectural Metals, Inc.,* 637 F.3d 721, 726 (7th Cir. 2011) ("The presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation."). As discussed at length in the dismissal memorandum, ZocDoc made an offer of judgment to Geismann on March 27, 2014, for $6,000.00, reasonable attorneys' fees as determined by the Court related solely to Geismann individual claim, and an injunction barring ZocDoc from engaging in the statutory violations alleged in this actions. By definition, Geismann is not "typical" of the class because Geismann has been offered full relief and is no longer a member of the class. "A litigant must be a member of the class which he or she seeks to represent ***at the time the class action is certified*** by the district court." *Sosna v. Iowa*, 419 U.S. 393, 403 (1975) (emphasis added). Accordingly, class certification should be denied and the class allegations should be stricken from the Complaint.

    **C.**    **Geismann cannot demonstrate adequacy.**

A case cannot proceed as a class action unless "the representative parties will fairly and adequately protect the interests of the class." (a)(4). This applies to both the class representative and to counsel. As set forth above, Geismann lacks standing and ZocDoc is seeking dismissal on that basis. *See* Section III.B, *supra.* Accordingly, Geismann is not an adequate class

7

representative because "[t]he fear is that the named plaintiff will become distracted by the presence of a possible defense applicable only to him so that the representation of the rest of the class will suffer." *CE Design Ltd.,* 637 F.3d at 726.  Because Geismann has been offered full relief, it is not an adequate class representative.

As for Geismann's counsel, it is "inescapable that these [TCPA] class actions exist for the benefit of the attorneys who are bringing them and not for the benefit of individuals who are truly aggrieved." *West Concord 5-10-1.00 Store, Inc. v. Interstate Mat Corp.*, 2013 WL 988621, *6 (Sup. Ct. Mass. March 5, 2013).[3]  Here, ZocDoc has already offered to pay Geismann $6,000 plus attorneys' fees to resolve this case — more than what Geismann could possibly hope to recover.  But Geismann has refused to accept that offer (presumably on the advice of counsel).  Unless Geismann is the rare altruistic company that is willing to turn down a significant financial windfall to continue pursuing an entity that did nothing more than allegedly send two single page faxes, it would seem that Geismann's counsel has put their own self-interest and the interests of the putative class ahead of Geismann's economic interests.  *See Haight v. Bluestem Brands, Inc.*, Case No. 13-cv-01400 (M.D. Fla.) (Docket Entry 4) (attached hereto as **Exhibit A**) ("[I]t appears that counsel for [Plaintiff] wishes to ensure that he can pursue a putative class action even if his client decides to settle his individual claim.  If accepted, this argument would undermine the jurisdictional requirement that the case be litigated by an individual with standing to do so, and it would raise serious public policy concerns about whether class action litigation should be driven by the interests of counsel rather than the interests of the client.").  Geismann's counsel would not create a conflict by advising Geismann to take ZocDoc's offers and dismiss the class allegations without prejudice — particularly given that no class has been certified.  If, as

---

[3] The *Interstate Mat* decision talks at length about the methods used by one of the plaintiff's law firms involved in this case, Anderson & Wanca, to attract clients.  *Id.* at *2-*3.

8

Geismann alleges, ZocDoc's conduct is so widespread that joinder of all members is impractical, Geismann's counsel certainly should have other class representatives to turn to. If not, that is a telling fact in its own right.

If Geismann's counsel is advising Geismann against Geismann's economic best interests, it is difficult to imagine counsel adequately representing the interests of the putative class. Thus, the Court should deny class certification and strike the class allegations.

### D. Geismann cannot demonstrate predominance.

To demonstrate predominance, Geismann must establish that "questions of law or fact common to the class members predominate over any question affecting only individual members." Fed. R. Civ. P. 23(b)(3). The Supreme Court has held that although the predominance requirement of Rule 23(b)(3) overlaps in some ways with the commonality requirement of Rule 23(a), it is "far more demanding" because it "tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997).

In all three of the classes that Geismann seeks to certify, the predominant question is whether each individual class member consented to the receipt of the faxes at issue. (Compl. ¶¶ 30, 50, 62). In the first federal circuit level decision to address class certification of a TCPA case, the U.S. Court of Appeals for the Fifth Circuit reversed a grant of class certification based on predominance. *Gene & Gene, LLC v. BioPay, LLC*, 541 F.3d 318, 326 (5th Cir. 2008). Of greatest concern to the Fifth Circuit was the fact that the issue of "prior express invitation or permission" was inextricably intertwined with the TCPA claims and class definition. *Id*. 326-29. According to the appellate court:

> . . . We are most concerned, however, that the district court failed to address the broader consideration of the predominance requirement: The district court did not

9

> explain how the common course of conduct it described would affect a trial on the merits. Thus, the district court's assertion that this case would not degenerate into a series of individual trials is largely unsupported and is, in our opinion, mistaken.

*Id*. at 326. Finding that the numbers to which faxes were sent did not come from a single source but rather multiple sources with their own individualized questions of proof, the Fifth Circuit reversed class certification. *Id*. at 329. According to the court of appeals:

> . . . We . . . hold that Gene has failed to advance any viable theory employing generalized proof concerning the lack of consent with respect to the class involved in this case; that this leads to the conclusion that myriad mini-trials cannot be avoided; and that, given these conclusions and those we have reached above, the district court abused its discretion in certifying the class.

*Id.; see also Bridging Communities, Inc. v. Top Flite Financial, Inc.*, 2013 WL 2417939, *4 (E.D. Mich. June 3, 2013) (denying class certification in TCPA fax case); *Compressor Engineering Corp. v. Mfrs. Financial Corp.*, 292 F.R.D. 433, 454 (E.D. Mich. April 26, 2013) (same); *Blitz v. Agean, Inc.*, 743 S.E.2d 247 (N.C. Ct. App. 2013) (same); *G.M. Sign, Inc. v. Brink's Mfg. Co.*, 2011 WL 248511, *11 (N.D. Ill. Jan. 25, 2011) (same); *McGaughey v. Treistman*, 2007 WL 24935 (S.D.N.Y. Jan. 4, 2007) (same), *Levitt v. Fax.com*, 2007 WL 3169078 (D. Md. 2007) (same); *Intercontinental Hotels Corp. v. Girards*, 217 S.W.3d 736 (Tex. App. Dallas March 13, 2007) (same), *Damas v. Ergotron, Inc.*, 2005 WL 1614485 (Ill. Cir. Ct. July 6, 2005) (same); *Carnett's, Inc. v. Hammond*, 610 S.E.2d 529 (Ga. 2005) (same); *Kondos v. Lincoln Property Co.*, 110 S.W.3d 716 (Tex. App. Dallas July 22, 2003) (same); *Livingston v. U.S. Bank, N.A.*, 58 P.3d 1088 (Colo. Ct. App. 2002) (same); *Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162 (S.D. Ind. 1997) (same); *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400 (E.D. Pa. 1995) (same).

The reasoning of the Fifth Circuit and other courts that have denied class certification in TCPA fax cases should serve as a lodestar here. Although the instant case is in a different procedural posture from *Gene & Gene,* it is on par with the *Labou* case in the Eastern District of

10

California, where the court recently denied class certification at the pleadings stage.  2014 WL 824225 at *6.  The court in *Labou* held that a district court "has discretion to rule on Defendant's Motion even prior to discovery."  *Id.* at *3.  The scope of Geismann's class definitions makes it clear on the face of the Complaint that common questions of law and fact do not predominate over individual classes.  According to Geismann's proposed definitions, the classes would only include individual fax recipients "with respect to whom Defendant cannot provide evidence of prior express permission or invitation."  *Id.*  These are, by definition, questions that will require individualized inquiries for each and every putative class member — Geismann's class definitions would force ZocDoc to engage in a mini-trial on the issue of consent for each putative class member.

Accordingly, Geismann will not be able to meet the predominance requirement, class certification should be denied, and class allegations should be stricken.

    **E.**    **Geismann cannot demonstrate superiority.**

Superiority exists when "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  Because individual issues predominate (*see* Section III.D, *supra*), a class action is not superior to other methods of adjudicating Geismann's claims.  To determine the individual factual issues that bear on liability, it would be necessary (assuming Geismann is correct about the number of class members) to conduct hundreds or thousands of mini-trials.  Accordingly, small claims court, not the federal judiciary, is the superior method for adjudicating claims such as the one raised by Geismann.  The rather astronomical statutory damage amounts of $500 per incident for negligent behavior and $1,500 per incident for willful behavior, 47 U.S.C. § 227(b)(3), are sufficient incentive for TCPA plaintiffs to bring their claims in small claims court without also providing plaintiffs the

11

benefit of the class certification vehicle.  *See* 137 Cong. Rec. S16205-06 (Nov. 7, 1991).  As Senator Hollings noted in the TCPA legislative history:

> The . . . private right-of-action provision . . . will make it easier for consumers to recover damages from receiving these computerized calls.  The provision would allow consumers to bring an action in State court against any entity that violates the bill. . . .  It is my hope that States will make it as easy as possible for consumers to bring such actions, preferably in small claims court.

*Id.*; *see also Kim v. Sussman*, 2004 WL 3135348 (Ill. Cir. Ct. 2004).

The *Sussman* court reasoned similarly in denying class certification of a TCPA lawsuit under Illinois' class action prerequisites (which are analogous to the federal requirements):

> . . . Given the statutory framework of plaintiff's claims, the Court strongly believes that a class action is not an appropriate method for the "fair and efficient" adjudication of this controversy. As noted above, in enacting the TCPA, Congress expressly struck a balance that was designed to be fair both to the recipient and the sender of the facsimile. Congress believed that allowing an individual to file an action in small claims court to redress the nuisance of unsolicited faxes and to recover a minimum of $500 in damages was adequate incentive to address what is at most, a minor intrusion into an individual's life. Congress added harsher penalties for chronic or willful violators in the form of actions in federal court by the various state attorneys general, in which the potential for substantial award of damages exists. To engraft on this statutory scheme the possibility of private class actions, with potential recoveries in the millions of dollars, strikes the Court as unfair given the nature of the harm Congress attempted to redress in the TCPA.

*Id*. at *2. The Court should adopt similar logic in holding that a class action is not the superior method of adjudicating this claim, deny class certification, and strike the class allegations from the Complaint.

### IV.  Conclusion

For the foregoing reasons, the Court should find that class certification is not appropriate in this case and strike the class allegations in Geismann's Complaint.  Although ZocDoc acknowledges that such a denial of class certification at this stage would be unusual, the nature of this case coupled with the allegations in Geismann's Complaint are sufficient to warrant such a denial.  ZocDoc urges the Court to rule on this critical issue now, rather than forcing ZocDoc to

engage in costly and time-consuming discovery, only to make these same arguments again several months from now.[4]

Dated: April 18, 2014

Respectfully submitted,

LATHROP & GAGE LLP

*/s/ Blaine C. Kimrey*

Blaine C. Kimrey (#50074)
bkimrey@lathropgage.com
155 N. Wacker Drive, Suite 3050
Chicago, IL 60606
Telephone: (312) 920-3300
Facsimile:  (312) 920-3301

Matthew Jacober (#51585)
mjacober@lathropgage.com
Pierre Laclede Center
7701 Forsyth Blvd., Suite 500
Clayton, MO 63105
Telephone: (314) 613-2800
Facsimile: (314) 613-2801

**Attorneys for defendant ZocDoc, Inc.**

---

[4] As noted at the outset, however, the Court should first address the combined motion to transfer, dismiss or stay filed contemporaneously with this briefing.

13

## **CERTIFICATE OF SERVICE**

      I, Blaine C. Kimrey, hereby certify that on this 18th day of April, 2014, a true and correct copy of the foregoing was served by CM/ECF to the parties registered with the Court's CM/ECF system.

                                       */s/ Blaine C. Kimrey*