UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RADHA GEISMANN, M.D., P.C., individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:14CV472 CDP |
| ZOCDOC, INC., | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

Plaintiff Radha Geismann, M.D., P.C., brought suit against ZocDoc, Inc., in Missouri state court, alleging that she received two unsolicited faxes that advertised ZocDoc's services and failed to contain legally proper opt-out notices. Geismann alleges that the sending of the faxes violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.*, and Missouri common law against conversion. Geismann apparently seeks to represent nationwide classes on both claims and has moved to certify this case as a class action.

After removing the case to this court, ZocDoc moved to strike Geismann's class allegations; transfer this case to the United States District Court for the Southern District of New York; dismiss Geismann's claims altogether; and/or stay the case pending FCC interpretation of a regulation under the TCPA. I find that

transfer is appropriate under 28 U.S.C. § 1404(a) because, among other things, the only nonparty, nonexpert witnesses identified by either party live within the Southern District of New York or are subject to its subpoena power. Because the motion to transfer is dispositive, I will deny as moot the remaining motions filed by both parties without prejudice to their right to refile them in the Southern District of New York, if appropriate.

**I.     Background**

Plaintiff Geismann is a medical practice domiciled in St. Louis, within this district. All of its employees are located in the state of Missouri. Each of its three current employees has information about what entities had a business relationship with Geismann or were permitted to send it faxes, as well as what faxes were received. (*See* G. Geismann Decl., ¶¶ 3, 8–11.) Geismann alleges that in 2012 it received two unsolicited faxes from ZocDoc, a medical advertiser, and that these faxes did not contain a legally sufficient opt-out notice under the TCPA.

Defendant ZocDoc is a Delaware corporation whose principal place of business is in New York City, within the Southern District of New York. According to a declaration from ZocDoc's Chief Operating Officer, ZocDoc compiled its fax list from various sources and generally contacted entities to request or confirm fax numbers before sending out faxes. It used another business,

Intellicomm, as its fax broadcaster. (*See* Kharraz Decl., ¶¶ 8–9.) Intellicomm's principal place of business is apparently in King of Prussia, Pennsylvania. (*Id.*) As such, it is within the subpoena power of the Southern District of New York.[1]

## II. Discussion

ZocDoc argues for transfer to the Southern District of New York under 28 U.S.C. § 1404(a), which provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[2] Although the grant or denial of a request to transfer is within the trial court's sound discretion, *Hubbard v. White*, 755 F.2d 692, 694 (8th Cir. 1985), the court also should keep in mind that the moving party "bears the burden of proving a transfer is warranted." *Trident Steel Corp. v. Oxbow Steel Int'l, LLC*, No. 4:09CV1332, 2009 WL 3242045, at *4 (E.D. Mo. Oct. 5, 2009). "Merely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 696–97 (8th Cir. 1997).

---

[1] The Court takes judicial notice that Intellicomm headquarters is approximately 83 miles from the courthouse of the Southern District of New York and therefore is within that court's subpoena power under Rule 45, Fed. R. Civ. P. *See Int'l Controls & Measurements Corp. v. Honeywell Int'l, Inc.*, 2013 WL 4805801, at *21 n.26 (N.D.N.Y. Sept. 9, 2013) (noting that the 100-mile "bulge" of Rule 45 is measured "as the crow flies," citing Fed. R. Evid. 201(b)(2), and taking judicial notice that Hartford, Conn. is within the subpoena power of New York state court).

[2] Plaintiff does not dispute that this case might have been brought in the Southern District of New York.

When determining whether to transfer a case under Section § 1404(a), a court must consider (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *Id.* at 691.

But a court is not limited to these considerations. Instead, a court takes into account "all relevant factors" and performs a "case-by-case evaluation of the particular circumstances at hand." *Id.* Indeed, in evaluating the convenience factors, courts typically consider not only the convenience of parties and witness ("including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony") but also the accessibility of records and documents, the location of the alleged illegal conduct, and the substantive law to be applied. *Id.* at 696. However, the convenience of witnesses remains the "primary, if not most important" of the convenience factors. *May Dep't Stores Co. v. Wilansky*, 900 F. Supp. 1154, 1165 (E.D. Mo. 1995).

In addition, while evaluating the interest of justice, courts consider judicial economy, the plaintiff's choice of forum, the comparative costs to the parties of litigating in each forum, each party's ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and the advantages of having a local court determine questions of local law. *Terra Int'l*, 119 F.3d at 696.

Arguing for transfer, defendant ZocDoc points out that several potential witnesses, including its employees and former employees, are located in the Southern District of New York or within its subpoena power; its material records and documents are at its principal place of business in New York City; the conduct complained of occurred in New York; any resulting judgment will ultimately be enforceable in New York where ZocDoc is located; and average time to disposition is slightly quicker in the Southern District of New York. Although it recognizes that a plaintiff's choice of forum is entitled to deference, ZocDoc urges less deference when a plaintiff chooses to represent a nationwide class.

Geismann responds that ZocDoc simply seeks to shift inconvenience from itself to Geismann, and as such, that it has not made the "clear showing" required for transfer. *See Gen. Comm. of Adjustment v. Burlington N. R.R.*, 895 F. Supp. 249, 252 (E.D. Mo. 1995). It argues that its conversion claim is based on Missouri law; its own employees are in Missouri; it received the faxes in Missouri; and ZocDoc specifically intended its faxes to increase its business presence in St. Louis. It points out that any records located in New York are easily transportable. Further, it contends that ZocDoc has not explained the materiality of any testimony by witnesses not under its control (that is, former employees or the fax broadcaster) or shown that they would refuse to testify in this district.

## A. Convenience factors

As far as the convenience to the parties is concerned, the relative merit of each forum is equal. If the case is transferred, employees of Geismann testifying in court will have to travel to New York; if the case is not transferred, employees of ZocDoc testifying in court will have to travel to Missouri. But in fact, inconvenience caused to party-employees is not of "paramount concern" because "it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily in a foreign forum." *LeMond Cycling, Inc. v. Trek Bicycle Corp.*, No. 08-1010, 2008 WL 2247084, at *3 (D. Minn. May 29, 2008) (quoting *FUL Inc. v. Unified Sch. Dist. No. 204*, 839 F. Supp. 1307, 1311 (N.D. Ill. 1993)); *see also Terra Int'l*, 119 F.3d at 696–97. Neither party has argued that their employees would act otherwise. Similarly, the fact that Geismann's expert witness has apparently agreed to testify in Missouri is not conclusive.[3] Like employees, expert witnesses are "paid for their time and are within the control of the party calling them." *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 961 (N.D. Ill. 2000).

The applicability of substantive law does not tip the scales either. The TCPA is a federal statute, properly before any federal court, and as Geismann

---

[3] Geismann does not state whether the expert would also testify in New York.

admits, there is no reason a federal court cannot properly interpret the longstanding common law of another state. *See Crabb v. GoDaddy.com, Inc.*, No. 07CV4040, 2010 WL 5890625, at *3 (W.D. Ark. Mar. 29, 2010) (weighing this factor as neutral because "federal courts routinely apply and interpret laws of other states"). Further, the references to "your area" in the faxes is irrelevant to Geismann's claims, which – once it is determined that a fax was an advertisement, which is not apparently in dispute – are not based on specific content.

But most importantly, convenience to nonparty, nonexpert witnesses weighs heavily in favor of transfer. The only such witnesses identified by either party could not be compelled to testify by this Court, but could be so compelled by the Southern District of New York. For example, ZocDoc's Chief Operating Officer identifies Benjamin Berman as a former employee who "could testify as to how the fax marketing campaign was conducted." According to the COO's declaration, Berman lives in the New York City area. (*See* Kharraz Decl., ¶ 6.) The COO also declares that former employee Spenser Feldstein – whose contact information is on the faxes at issue – could testify about the "calls he received in response to the faxes." (*Id.*) Although the COO only avers "[o]n information and belief" that Feldstein lives in New York, Geismann has not disputed this. In addition, the fax broadcaster Intellicomm is located in King of Prussia, Pennsylvania, within reach

of the Southern District's subpoena power but not the subpoena power of this Court.  This counsels transfer.  *Fluid Control Pros., Inc. v. Aeromtive, Inc.*, No. 09CV1667, 2011 WL 620115, at *3 (E.D. Mo. Feb. 11, 2011) (transferring case to district where nonparty witnesses could be compelled to testify because "[t]he amenability of significant nonparty witnesses to subpoena at the respective forums is an important factor to be considered"); *see also Caterpillar, Inc. v. ESCO Corp.*, 909 F. Supp. 2d 1026, 1031 (C.D. Ill. 2012) (transferring case to district to which nonparty witnesses could travel more easily though they were not subject to that district's subpoena power).  Geismann argues that ZocDoc has not laid out the content of these witnesses' testimony, but I am satisfied that identifying the testimony as concerning the witnesses' "personal involvement in the alleged occurrences" is sufficient to support transfer.  *See C-Mart, Inc. v. Met. Life Ins. Co.*, No. 4:13CV52 AGF, 2013 WL 2403666, at *3 (E.D. Mo. May 31, 2013).

The two remaining convenience factors also weigh in favor of transfer, albeit less forcefully.  Presumably the material records belonging to ZocDoc – the fax lists, any records of contact with entities to confirm or request fax numbers, communications with Intellicom – are more voluminous than those belonging to Geismann, which include the two single-page faxes themselves and perhaps some sort of written policy concerning solicitation of faxes.  Although the location of

– 8 –

documents is not as important as it once was, it still deserves consideration. *See in re Apple, Inc.*, 602 F.3d 909, 914 (8th Cir. 2010). In addition, the conduct complained of – which is the *sending* and not the *receipt* of the faxes at issue – occurred in New York. *See C-Mart, Inc.*, 2013 WL 2403666, at *4. These factors suggest transfer is appropriate.

**B.      Interest of justice factors**

For the reasons given below, I find that the interest of justice factors (including judicial economy, the plaintiff's choice of forum, the comparative costs to the parties of litigating in each forum, each party's ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and the advantages of having a local court determine questions of local law) are not conclusive, and therefore, the convenience to nonparty witnesses is dispositive in this case.

Several interest-of-justice factors typically considered do not play a role in this case. *See Terra Int'l*, 119 F.3d at 691. Neither party argues that there would be obstacles to a fair trial or conflicts of law in either forum or that there is any special advantage to having a federal court sitting in Missouri interpret Missouri's common law prohibition on conversion. *See Crabb*, 2010 WL 5890625, at *3. Likewise, any relative difference in total cost to the parties is negligible: it is more costly for Geismann to litigate in New York and more costly for ZocDoc to litigate

in Missouri. *See Burkemper v. Dedert Corp.*, No. 4:11CV1281 JCH, 2011 WL 5330645, at *3 (E.D. Mo. Nov. 7, 2011) (analyzing convenience to parties as neutral factor because "[w]hether the case is transferred means only that this inconvenience will fall on one party rather than the other").

As far as judicial economy is concerned, ZocDoc emphasizes that cases are decided, on average, two weeks more quickly in the Southern District of New York than this Court. But that does not necessarily mean that transfer would promote judicial economy. Moving to transfer a case necessarily takes time – sometimes more than two weeks – as the sitting court must rule on the motion. On balance, judicial economy does not favor transfer. Nonetheless, as ZocDoc points out, any judgment issued in this case would eventually be enforced in New York. This does weigh slightly in favor of transfer.

But as Geismann contends, a plaintiff's choice of forum is usually accorded considerable deference, particularly when the plaintiff has chosen its home district. However, this deference is markedly diminished when the plaintiff proposes to represent a nationwide class. *See C-Mart, Inc.*, 2013 WL 2403666, at *4 (collecting cases). In such a case, there is no "unique local interest or contact with the transferring district." *Genden v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 621 F. Supp. 780, 782 (N.D. Ill. 1985). Geismann's choice of forum may still

warrant some deference.  *See C-Mart*, 2013 WL 2403666, at *4; *cf. Georgouses v. NaTec Res., Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997) ("[B]ecause plaintiff alleges a class action, plaintiff's home forum is irrelevant.").  When balanced against the location of records and documents, the enforceability of any judgment issued, and – most importantly – the convenience to nonparty witnesses, I find that ZocDoc has made a clear showing that transfer is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to transfer case to the Southern District of New York [#11] is granted.  Defendant's combined motions to dismiss or stay [#11], as well as its motion to strike class allegations [#13], are denied as moot, without prejudice, to be reraised if appropriate.  Plaintiff's motions to certify class [#5] and for leave to file surreply in opposition to defendant's motion to strike [#29] are also denied as moot, without prejudice, to be reraised if appropriate.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transfer this case to the United States District Court for the Southern District of New York.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of August, 2014.